**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JAMES EARL HARRIS,
            *Defendant-Appellant.*

No. 01-4272

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-00-368-DWS)

Submitted: January 17, 2002

Decided: January 30, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant.
Eric William Ruschky, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Earl Harris pleaded guilty to transporting stolen firearms in interstate commerce, in violation of 18 U.S.C. §§ 922(i), 924(a)(2)-2 (1994). Harris was sentenced to thirty-seven months incarceration, three years of supervised release, and ordered to pay $425 for restitution and $100 for special assessment. Harris' attorney has filed a timely appeal under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in denying Harris a two point reduction in his offense level for acceptance of responsibility.

A sentencing court assesses a defendant's credibility, demeanor, and contrition to determine whether the defendant is entitled to a sentencing reduction for acceptance of responsibility. *United States v. Harris*, 882 F.2d 902, 905-06 (4th Cir. 1989). This court reviews the district court's determinations with great deference for clear error. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). We find the district court did not clearly err in finding Harris attempted to minimize his role in the offense, and consequently, in denying him a two point reduction for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* § 3E1.1(a) (2000).

We affirm Harris' conviction and sentence. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*